[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 30, 1996
The answers given to 7, 8, 9 and 15 use the terminology "Yes this is true" or "This is not true." Such answers are the equivalent of saying "admit" or "denied" therefore, the compliance given is adequate so the court will not rule on any CT Page 1075 objection to the request.
Requests 10, 11, 13, 14 and 16 are similar in nature. They all assert that either the driver of the car in which the plaintiff was a passenger or the defendant had an obligation under common law or statutory law to act or not act in a certain way and they want the defendant to admit or deny the assertions. They do not relate the assertions to any particular facts in this case and they do not even inquire as to whether either of the actors complied with or failed to comply with the requirements of the law.
The relevant language of our P.B. § 238 is similar to the language of Rule 36 of the Federal Rules of Civil Procedure. The commentary to this rule states "The amended provision does not authorize requests for admissions of law unrelated the facts of the case." The pleadings don't raise any dispute over what the common or statutory law is as to the operation of motor vehicles in this state. Securing acknowledgments from opposing counsel and his client as to what their understanding of the law might be doesn't resolve any issue in this case or accomplish any of the goals that were meant to be achieved by P.B. § 238. The objection to Requests Number 10, 11, 13, 14 and 16 is sustained.
Request Number 12 does not seek a mere factual admission; it does not say for example, the defendant's vehicle collided with the rear of the vehicle in which the plaintiff was a passenger — this could be admitted or denied. It reads instead that on the date and time of the accident, out of which this suit arises, the defendant "failed in his obligation to keep his motor vehicle from colliding with the motor vehicle" owned by the lady in which the plaintiff was a passenger. The basis of the objection is that: "Insofar as this request for admission presumes a legal obligation that has not been established, it does not seek legally relevant information." Generally speaking this would not be an adequate response, as the commentary to Federal Rule 36 explains:
 Courts have also divided on whether an answering party may properly object to request for admissions as to matters which that party regards as `in dispute'. . . the proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a CT Page 1076 genuine issue for trial.
Here, however, generic language is used — the defendant "failed in his obligation" to keep his motor vehicle from colliding with another motor vehicle. If the liberalization of the rules on Request for Admissions providing that such requests apply not only to facts but the application of law to facts, the appropriate or specific law must be exactly referenced. What does "obligation" mean — to what statutory or common law requirement does the purported "obligation" refer?
I will sustain the objection to Request Number 12 in its present wording.
Corradino, J.